IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RHONDA BRASEL, Individually                                                                PLAINTIFFS
And as Next Best Friend and
Guardian of CHRISTOPHER
ALBRIGHT and NATHAN K.
THOMAS, et al.

VS.                                       CASE NO. 4:07-CV-4037

WEYERHAEUSER COMPANY
AND DOES 1 through 100                                                                     DEFENDANTS

JERRY BEARDEN, JR. as                                                                      PLAINTIFFS
Administrator of the Estate of
MOSES BEARDEN, JR.,
Deceased, et al.

VS.                                       CASE NO. 4:07-CV-4041

WEYERHAEUSER COMPANY
AND DOES 1 through 100                                                                     DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiffs bring the above-captioned consolidated actions against Defendant Weyerhaeuser Company ("Weyerhaeuser") for personal injuries, deaths and property damage. Before the Court is Weyerhaeuser's Motion for More Definite Statement. (Doc. 27). Plaintiffs have responded in opposition. (Doc. 28). Also before the Court is Weyerhaeuser's Motion to Dismiss, or in the Alternative, for a More Definite Statement. (Doc. 7). Plaintiffs have responded in opposition. (Doc. 20). Due to the Consolidation Order entered July 19, 2007 (Doc. 17), Weyerhaeuser's Motion to Dismiss, or in the Alternative, For a More Definite Statement, filed initially in Case Number 4:07-CV-4041, is also before the Court. (Doc. 7 in 4:07-CV-4041; Doc. 15 in 4:07-CV-4037). Plaintiffs have responded in opposition. (Doc. 20). Each motion is ripe for consideration.

I. FACTUAL BACKGROUND

Weyerhaeuser owns and operates a lumber, plywood and untreated timber manufacturing facility in Dierks, Arkansas (the "Dierks Mill"). Plaintiffs are persons that resided in the community surrounding the Dierks Mill. Certain Plaintiffs also own or occupy real property surrounding the Dierks Mill. Plaintiffs allege that the Dierks Mill has emitted and continues to emit hazardous substances and toxins into the environment. Plaintiffs allege that these emissions proximately caused Plaintiffs' personal injuries, deaths and property damages. Plaintiffs' Second Amended Complaint (Doc. 25) asserts causes of action for (1) trespass, (2) private nuisance, (3) public nuisance, (4) negligence, (5) negligence *per se*, (6) violations of the Arkansas Solid Waste Management Act, Ark. Code Ann. § 8-6-201, et seq., (7) fraud, (8) battery, (9) unjust enrichment and (10) wrongful death and survival actions. Weyerhaeuser has moved to dismiss Plaintiffs' claims, or, in the alternative, for a more definite statement.

II. APPLICABLE LAW

In reviewing Weyerhaeuser's Motion to Dismiss, the Court assumes as true all factual allegations of the complaint. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007); *Abels v. Farmers Commodities Corp.,* 259 F.3d 910, 914 (8th Cir. 2001). "However, the complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claim to avoid dismissal." *DuBois v. Ford Motor Credit Co.,* 276 F.3d 1019, 1022 (8th Cir. 2002). The complaint must "provide a defendant with some indication of the loss and the causal connection that a plaintiff has in mind." *Dura Pharmaceuticals, Inc. v. Broudo,* 544 U.S. 336, 347, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005). This Court will dismiss a complaint only if it

is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

Regarding the motion for more definite statement, Federal Rule of Civil Procedure 12(e) provides, in relevant part: "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e). A motion for more definite statement is properly granted only where a "major ambiguity or omission in the complaint" renders it "unanswerable." *Farah v. Martin*, 122 F.R.D. 24, 25 (E.D. Mich. 1988). Motions for more definite statements are disfavored, due to the notice pleading standards of the Federal Rules of Civil Procedure and the availability of liberal and extensive discovery. *See, e.g.*, *Weiszmann v. Kirkland and Ellis*, 732 F.Supp. 1540, 1549 (D. Colo. 1990). Importantly, motions for more definite statement are not to be used as a substitute for discovery. *Castillo v. Norton*, 219 F.R.D. 155, 163 (D. Ariz. 2003). Rule 12(e) is designed to strike unintelligible pleadings, not those merely lacking detail. *Id*. Mindful of the applicable legal standards, the Court now turns to the substance of Weyerhaeuser's motions.

### III. DISCUSSION

#### a. Weyerhaeuser's Motion to Dismiss

Weyerhaeuser's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), filed in response to Plaintiffs' First Amended Complaint, (Doc. 2) appears moot. Subsequent to Weyerhaeuser's filing its Motion to Dismiss, or in the Alternative, For More Definite Statement, Plaintiffs sought–without opposition from Weyerhaeuser–leave to amend their complaint. (Doc. 23). The Court granted the unopposed motion for leave to amend on August 15, 2007. (Doc. 24). Plaintiffs filed their Second

Amended Complaint that same day. (Doc. 25). In the time for filing a responsive pleading to Plaintiffs' Second Amended Complaint, Weyerhaeuser filed its Motion for More Definite Statement, making no mention of its Motion to Dismiss Plaintiffs' claims for failure to state a claim upon which relief can be granted.

A comparable situation was before the Eighth Circuit Court of Appeals in *Brown Sheet Iron & Steel Co. v. Maple Leaf Oil & Refining Co.*, 68 F.2d 787, 788 (8th Cir. 1934). In *Brown*, the Court wrote that it need not "give attention to the previous pleadings," as they were "superceded by the second amended complaint." *Id*. Similarly, the Eighth Circuit has held that an amended complaint, which is complete in itself and without reference to the original complaint, entirely supersedes its predecessor, and becomes the sole statement of the cause of action. *U.S. v. Gentry*, 119 F. 70, 75 (8th Cir. 1902). The original complaint becomes *functus officio* from the date of the filing of its successor. *Id*.

Had Weyerhaeuser intended to maintain its motion to dismiss, it should have included the same in its responsive pleading to Plaintiffs' Second Amended Complaint. Weyerhaeuser's failure to include or to incorporate by reference its motion to dismiss in response to Plaintiffs' Second Amended complaint renders the motion to dismiss moot. *See Brown*, 68 F.2d at 788.

Assuming, *arguendo,* that Weyerhaeuser's Motion to Dismiss is not moot, the Court is satisfied that the Motion to Dismiss should be denied. In ruling on a motion to dismiss, the test is not whether Plaintiffs will ultimately prevail, but whether Plaintiffs are entitled to offer evidence to support their claims. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). Review of Plaintiffs' Second Amended Complaint satisfies the Court that the Plaintiffs have met this burden–that they have plead sufficient facts, as opposed to mere conclusions,

to satisfy federal pleading requirements. *See DuBois,* 276 F.3d at 1022. Accordingly, in addition to being moot, Weyerhaeuser's Motion to Dismiss fails on its merits.

### b. Weyerhaeuser's Motion for More Definite Statement

Weyerhaeuser's Motion for More Definite Statement alleges the following litany of purported deficiencies in Plaintiffs' Second Amended Complaint: (1) lack of information regarding the nature of Plaintiffs' illnesses or causes of death; (2) lack of information regarding the particular location of any alleged injurious exposures and/or the particular Weyerhaeuser facility which allegedly caused such exposure; (3) lack of specificity regarding the identity of any chemicals or other toxic materials to which Plaintiffs (or their decedents) where allegedly exposed; (4) lack of specificity regarding the manner or time period of exposure of each Plaintiff to each individual chemical; (5) lack of information regarding the specific and unique nature of any alleged harm sufficient to form the basis for a claim of public nuisance; and (6) lack of specific facts constituting a violation of Section 205 of the Arkansas Solid Waste Management Act. Weyerhaeuser argues that the specified defects render Plaintiffs' Second Amended Complaint so vague and ambiguous that a responsive pleading cannot be framed. The Court disagrees.

The Federal Rules of Civil Procedure do not require Plaintiffs to set out in detail the facts upon which they base their claims. To the contrary, all the Rules require is "a short and plain statement of the claim" that will give the Weyerhaeuser fair notice of Plaintiffs' claims and the grounds upon which they rest. Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). In addition, information purportedly absent from the Second Amended Complaint appears to be peculiarly available to

Weyerhaeuser.  *See, e.g., Wheeler v. U.S. Postal Service*, 120 F.R.D. 487, 488 (M.D. Pa. 1987)(denying motion for more definite statement where information sought was within defendant's knowledge).  The Court agrees with Plaintiffs that information or detail missing from the complaint is the proper subject of and should be available through discovery.  Further, it appears to the Court that Weyerhaeuser will be able to frame an appropriate responsive pleading to the Second Amended Complaint.  As a result, Weyerhaeuser's Motion for More Definite Statement should be denied.

## IV. CONCLUSION

For reasons stated herein and above, Weyerhaeuser's Motion for More Definite Statement should be and hereby is **DENIED**.  Additionally, Weyerhaeuser's Motion to Dismiss, or in the Alternative, for a More Definite Statement is hereby **DENIED**.  Weyerhaeuser's Motion to Dismiss, or in the Alternative, For a More Definite Statement, filed initially in Case Number 4:07-CV-4041, is hereby **DENIED**.

Weyerhaeuser is directed to file its answer to Plaintiffs' Second Amended Complaint within ten (10) days of the entry of this Order.

**IT IS SO ORDERED**, this 12th day of March, 2008.

                  /s/Harry F. Barnes  
                Hon. Harry F. Barnes  
                United States District Judge